UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Medica Health Plans, | File No. 05-CV-00801 JRT/FLN |
| Plaintiff, | |
| v. | **PRELIMINARY INJUNCTION ORDER** |
| Austin N. Vhason f/k/a Xay Vang and Pushpa M. Leadholm, | |
| Defendants. | |

THE ABOVE-CAPTIONED MATTER CAME ON FOR telephone hearing before the Honorable John R. Tunheim, United States District Court Judge, on April 28, 2005, pursuant to the motion of Medica Health Plans ("Medica") for a Temporary Restraining Order and Preliminary Injunction against Austin N. Vhason ("Vhason") and Pushpa M. Leadholm ("Leadholm").  Medica was represented by Ed Magarian and John Rock from Dorsey & Whitney LLP.  Also present by telephone on behalf of Medica was Medica's general counsel Jim Jacobson and Assistant General Counsel Paul Begich.  Defendant Leadholm was represented by Kenneth Saffold.  Defendant Vhason received notice of the hearing but did not appear either on his own behalf or through counsel.  Since then, Mr. Vhason has retained Ryan M. Pacyga as counsel, who has agreed to the entry of this Preliminary Injunction Order.

Based upon the agreement of Mr. Vhason's counsel that Mr. Vhason is agreeable to the entry of this preliminary injunction, and without assessing the truth or accuracy of

any allegation, request, or demand by Medica, and based further upon the arguments of counsel and a review of the pleadings herein, this Court makes the following ORDER:

1. To the extent that Mr. Vhason has any information that he has accessed, viewed, acquired or transferred as part of his employment at Medica or as part of any alleged unauthorized or illegal activities, he shall not disseminate such information to third parties.

2. To the extent that Mr. Vhason has viewed, acquired, or transferred without Medica's authorization, Medica data and information (whether stored digitally, electronically, on paper, or in any other format) or to the extent that Mr. Vhason is otherwise in possession, custody or control of any Medica data or information (whether stored digitally, electronically, on paper, or in any other format) he shall provide an accounting that describes the nature of the data or information, when he viewed, acquired or transferred the data or information or otherwise came into possession, custody or control of the data or information, what he did with the data or information, where copies of the data or information are located, and identify any third parties who viewed, received or transferred the data or information. Such written accounting shall be provided to Medica's counsel by May 13, 2005.

3. To the extent Mr. Vhason has acquired Medica data and information without authorization (whether stored digitally, electronically, on paper, or in any other format) or to the extent he is otherwise in possession, custody or control of any Medica data or information (whether stored digitally, electronically, on paper, or in any other format) he shall return such Medica data and information by May 13, 2005.

4. Mr. Vhason is enjoined from erasing, deleting or otherwise modifying any data or information contained on any computers, hard drives, flash drives, floppy disks or any other data storage devices to which defendant has had access within the last 12 months.  Mr. Vhason shall produce to Medica or its agent, or otherwise make available, by May 13, 2005 all computers, hard drives, flash drives, floppy disks or any other data storage devices to which Mr. Vhason has had access within the last 12 months.  Medica or its agent may copy the entire contents of all such devices and may permanently remove from such devices data or information, but only such information related to Medica or information related to data and information concerning the period during Mr. Vhason's employment with Medica and the subject matter of this litigation. Medica shall account for any data or information permanently removed from these devices.  Mr. Vhason is permitted to have an agent observe the deletion process.  Medica shall return any computer, hard drives, flash drives, floppy disks, or any other data storage device obtained from or made available by Mr. Vhason within 20 days of obtaining access to said information.

5. The cash bond which Medica has previously filed with this Court in this matter shall be sufficient to support this Preliminary Injunction Order, without the filing of a further bond.

DATED:  May 11, 2005　　　　　　　　　　　　　　s/John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge